Charlie J. SINGLETON, Appellant,

v.

VANCE COUNTY BOARD OF EDUCATION, Appellee.

Charlie J. SINGLETON, Appellee,

v.

VANCE COUNTY BOARD OF EDUCATION, Appellant.

Nos. 73-2057, 73-2058.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1973.

Decided May 8, 1974.

Rehearing Denied July 5, 1974.

James E. Lanning, Charlotte, N. C. (Adam Stein, James E. Ferguson II, Charlotte, N. C., Jack Greenberg, Norman J. Chachkin, New York City, Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., on brief) for appellant in No. 73–2057 and for appellee in No. 73–2058.

George T. Blackburn, Henderson, N. C. (Robert G. Kittrell, Jr., Charles F. Blackburn, Bennett H. Perry, Jr., Perry, Kittrell, Blackburn & Blackburn, Henderson, N. C., on brief), for appellee in No. 73–2057 and for appellant in No. 73–2058.

Before BRYAN, Senior Circuit Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

Asserting a cause of action under 42 U.S.C. § 1983, Charlie J. Singleton instituted this suit against the Vance County Board of Education asking compensatory damages and injunctive relief for the allegedly unlawful termination of his employment as a school teacher. The district court entered judgment in favor of Singleton, awarding damages and attorney fees, and the Board has appealed. Challenging the computative basis of his damages Singleton has filed a cross-appeal.

While it has been raised by neither party, a serious jurisdictional question requires that we remand this case to the district court. The plaintiff asserted jurisdiction under only 28 U.S.C. § 1343(3) and (4), but since the Board of Education, the only named defendant, is not a "person" subject to suit under § 1983, jurisdiction cannot lie under those statutory sections. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

Accordingly, we remand the case to the district court with leave to the plaintiff to amend the jurisdictional allegations of his complaint should he be so advised and, in such event, for further consideration of the jurisdictional question by the court.

Remanded.

WINTER, Circuit Judge (concurring and dissenting):

I agree that in these appeals we should notice that there are potentially difficult jurisdictional questions not recognized and raised by defendant and, understandably, not commented on by plaintiff; but I disagree that we should remand the case to the district court without first requiring the parties to file supplemental briefs in order to determine what parts, if any, of the jurisdictional question we can decide without further proceedings in the district court. Even if we remand the case to the district court in the first instance, or on the aspects of jurisdiction that we cannot decide after further briefing, I think we should identify the various aspects of the jurisdictional questions that need decision more particularly than by a general reference to City of Kenosha, infra, especially since the district court and counsel have failed to recognize them to date.

## I.

Plaintiff, a black school teacher, sued the Vance County Board of Education, Vance County, North Carolina, in a purported class action, alleging that he had been wrongfully discharged because of his race when he properly disciplined a white student. He prayed reinstatement with back pay in an undisclosed amount, an injunction prohibiting further discriminatory treatment of him and members of his class, costs and counsel fees. Plaintiff alleged that his suit was brought under 42 U.S.C. § 1983, and his sole allegation of jurisdiction was that jurisdiction was founded on 28 U.S.C. § 1343(3) and (4). Defendant's answer denied that plaintiff had been the subject of racial discrimination, and in that limited sense, denied jurisdiction, but the denial explicitly alleged that "28 U.S.C. Section 1343(3) and (4) authorizes action to be brought in the United States District Court, for the enforcement of civil rights . . . ."

The district court found that plaintiff, individually, had been discriminatorily discharged, but it also found that defendant had not been engaged in racially discriminatory practices generally. It therefore denied relief for the class. The district court further found that plaintiff had obtained "comparable" other employment, albeit at a reduction in salary, and recited "as he has not pressed his claim for reinstatement, this relief will not be allowed." Plaintiff was allowed damages of $4,508.00, later increased to $4,708.00 (to include expenses incurred in seeking other employment), and attorneys' fees and expenses

of $1,000.00, later increased to $2,281.73. The proof showed that he had been employed by defendant at a yearly salary of $9,825.35; he was paid for only the first month of the school year ($818.-78); he did not obtain other employment for approximately four months, and then he obtained a position for which he was paid $7,110.60 per year; and plaintiff held the substitute position for sixteen and one-half months, earning a total of $9,777.10, when he accepted comparable employment by another school board. The money judgment awarded plaintiff, excluding reimbursement for expenses incurred in seeking other employment, represented his loss of earnings only for the school year 1970–71, notwithstanding that he would have been continued in his position until his contract was not renewed for good cause, by a proper exercise of discretion or until he voluntarily left as, for example, he did when he concluded to accept permanent comparable employment with the other school board. *See* Johnson v. Branch, 364 F.2d 177 (4 Cir. 1966); Wall v. Stanley County Board of Education, 378 F.2d 275 (4 Cir. 1967).[1] Had the judgment also included loss of earnings until plaintiff obtained comparable employment, plaintiff would have recovered an additional $4,546.85. Plaintiff's recovery for loss of earnings and expenses ($4,708.00) and his recovery for counsel fees ($2,281.73), when added to the additional loss of earnings which he contends he should have recovered ($4,546.85), manifestly is more than $10,000.00, and would have satisfied any jurisdictional requirement for the amount in controversy.[2] *See* Crescent

---

[1]. Since our decisions in *Johnson* and *Wall*, § 115–142, Gen.Stat.N.C. (1973 Cum.Supp.) has been enacted. It completely revises the employer-employee relationship of teachers and school boards. "Career teachers" (those who have been employed by a school board for four years or within the state school system for five years) are given tenure and may be dismissed, demoted, or shifted to part-time employment only for good cause. *See* § 115–142(c), (d) and (e).

[2]. In view of the fact that under North Carolina law plaintiff was entitled to be reappointed from year to year unless he declined reappointment or reappointment was withheld, by a *non-discriminatory* exercise of discretion or for *good cause*, I have no hesitancy in concluding that the district court was in error in limiting plaintiff's recovery for loss of earnings solely to the year in which he was discharged. Subject only to the duty to mitigate loss of earnings, plaintiff was entitled to recovery for the entire period from his date of discharge until he obtained comparable employment or reinstatement was ordered.

Lumber & Shingle Company v. Rotherman, 218 F.2d 638 (5 Cir. 1955).

## II.

Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), held that, in a suit for money damages brought under 42 U.S.C. § 1983, a municipal corporation—there, the City of Chicago—was not a "person" within the meaning of the statute and could not therefore be sued thereunder. 365 U.S. 191–192, 81 S.Ct. 473. It also held, however, that individuals who act for a municipal corporation are "persons" within the meaning of the Act and may be liable for money damages.

City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), held that a municipal corporation—there, the cities of Kenosha and Racine—was not a "person" within the meaning of § 1983 when the object of a suit under that statute was to obtain injunctive relief. *Kenosha* suggested, however, that in light of the allegations in the two cases and the amounts in controversy, federal question jurisdiction might exist under 28 U.S.C. § 1331; and the case was remanded for consideration of that issue as well as the effect, if any, of the intervention by the Attorney General of Wisconsin as a party defendant in each case.

*Monroe* and *Bruno* are the authorities which raise the jurisdictional issues in this case, but as both cases recognize, jurisdiction is not necessarily defeated by their holdings. It may exist under other theories.

## III.

The majority asserts, without citation of authority or supporting reasons, that the "Board of Education" is not a "person" within the meaning of § 1983. I consider this an open question. A municipal corporation is not a "person" within the meaning of § 1983 under both *Monroe* and *Kenosha*, but whether the Board of Education is a "municipal corporation" for this purpose is far from settled. Moreover, I am far from certain by what law it should be decided. Neither *Monroe* nor *Kenosha* defines what is a municipal corporation under § 1983, manifestly because a definition was unnecessary since the cities of Chicago, Kenosha and Racine are classic examples of municipal corporations. If a definition must be formulated, there would be good reason to have a federal definition so that there would be uniformity of result throughout the United States. On the other hand, a state law definition might be an acceptable substitute, even though there is a strong likelihood that State A might define a municipal corporation differently from the definition formulated by State B, with the result that application of § 1983 would have one effect in State A and another in State B. If one turns to state law, the status of a North Carolina board of education is uncertain. Bridges v. City of Charlotte, 221 N.C. 472, 20 S.E.2d 825 (1942), holds that a board of education is not a municipality, at least for some purposes; but since *Bridges*, § 115–27, N.C.Gen.Stat. (Repl. Vol.1966), was enacted and that statute may have displaced the holding in *Bridges*. *See* Stanley v. Department of Conservation & Develop., 284 N.C. 15, 199 S.E.2d 641 (1973). These are all questions to be faced by the district court, if not by us.

## IV.

Even if it is determined that Vance County Board of Education is a municipal corporation so that jurisdiction under § 1983 does not exist, the following other theories of how jurisdiction may be sustained should be considered:

Plaintiff's proof of a violation of § 1983 constituted proof of a violation of the equal protection clause of the fourteenth amendment. As has been shown, I would conclude that the adverse finan-

cial consequences of plaintiff's discriminatory discharge exceeded $10,000.00. *Kenosha* would therefore appear to be direct authority establishing jurisdiction in the district court under 28 U.S.C.A. § 1331 to grant injunctive relief, if it was otherwise merited.

Plaintiff's right to be awarded money damages under 28 U.S.C. § 1331 jurisdiction is not as well established. But Bivens v. Six Unknown FBI Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), indicates that, where the remedy of money damages is necessary to give adequate protection to a constitutional guarantee, a court may and should award such remedy even in the absence of statutory authorization. *See also* Moore v. Koelzer, 457 F.2d 892 (3 Cir. 1972); Butler v. United States, 365 F. Supp. 1035 (D.Hawaii 1973). In *Bivens*, the remedy of money damages against federal law enforcement officials who conducted an unlawful search for violation of fourth amendment rights was held necessary for adequate protection of the rights which were violated. The principle would seem applicable here, especially because the district court concluded the injunctive relief should be withheld. My tentative view (subject to alteration if the point were briefed and argued or when the point is briefed and argued) is that plaintiff should be entitled to a back pay award arising directly under the fourteenth amendment, irrespective of § 1983, and the district court had jurisdiction under 28 U.S.C. § 1331 to render it. Again, I see no problem about the amount in controversy.

### V.

Even if jurisdiction to render judgment against the Board of Education may not be sustained under 28 U.S.C. § 1331, plaintiff may still recover from the individuals comprising the Board of Education. Monroe v. Pape, supra. Of course, plaintiff did not seek to sue these persons individually in his complaint, but he may seek leave to amend his complaint to join them under Rule 15, F.R.Civ.P., and "leave shall be freely given when justice so requires." Rule 15(a). There would seem to be little question that the amendment, if permitted, would relate back to the time of the original complaint so as to avoid any bar of limitations. Rule 15(c). I express no view, however, as to whether the case should be tried anew or whether the amendment would also relate back to permit the judgment rendered against the Board of Education to be extended to the individuals comprising the board. The answer to that question depends upon facts and considerations not presently before us.

### VI.

In summary, I see no reason why, upon proper presentation by the parties, most of the legal questions that I have outlined should not or could not be decided by us without the necessity of further proceedings in the district court and the likelihood of an additional appeal. I would prefer to address them now. Since I am outvoted on my preference, I hope that my identification of the issues as I see them may serve to sharpen and simplify the subsequent proceedings.

### ORDER

FIELD, Circuit Judge.

Upon consideration of the petition for rehearing and of the petition for rehearing in banc, as well as the motion of the plaintiff under 28 U.S.C. § 1653, to amend the jurisdictional allegations of his complaint;

Now, therefore, with the concurrence of Judge Bryan and in the absence of a request for a poll of the entire court, as provided by Appellate Rule 35(b),

It is adjudged and ordered that the petition for rehearing, as well as the

motion to amend the complaint is denied. Judge Winter would grant the petition to rehear for the reasons stated in his dissent.

WINTER, Circuit Judge (dissenting):

I think that there is merit in plaintiff's petition for rehearing, and I would grant it.

As I have previously written, I agree with plaintiff's contention that we ought to undertake to decide the question of jurisdiction, if it can be resolved, rather than to remand that question to the district court. There is a direction to do just that in 28 U.S.C. § 1653. That statute states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The rationale of a statutory right to amend in an appellate court must be that the appellate court is directed to sustain jurisdiction of a case, especially one already tried and reduced to judgment, if that result may be properly achieved. We do not perform that duty by a bare remand.

Since my brothers insist on remand, I call to the attention of the district court still another possible basis of jurisdiction in addition to those about which I have previously written. It rests in 42 U.S.C. § 1981, which guarantees to every person "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." Jurisdiction to enforce § 1981 is vested in the district court by 28 U.S.C. § 1343(4), irrespective of the amount in controversy and irrespective of the teachings of *Monroe* and *Kenosha* with regard to the amenability of a municipal corporation to suit thereunder. *See generally*, Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L. Ed.2d 1189 (1968); Note, Federal Power to Regulate Private Discrimination: The Revival of the Enforcement Clauses of the Reconstruction Era Amendments, 74 Col.L.Rev. 449 (1974).