503 F.2d 250
 4 Envtl. L. Rep. 20,743
 Jack YBARRA, also known as Isaias M. Ybarra, Individually
and as a member of the Confederacion de la Raza
Unida, et al., Appellants,
v.
The CITY OF the TOWN OF LOS ALTOS HILLS, a municipal
corporation, et al., Appellees.
 No. 73-2070.
 United States Court of Appeals, Ninth Circuit.
 Sept. 6, 1974.
 
 1
 Grace M. Kubota (argued), of Community Legal Services, San Jose, Cal., for appellants.
 
 
 2
 Robert T. Anderson (argued), of Sturgis, Den-Dulk, Douglass & Anderson, Oakland, Cal., for appellees.
 
 
 3
 Before KILKENNY and WALLACE, Circuit Judges, and SOLOMON,* district judge.
 
 OPINION
 SOLOMON, District Judge:
 
 4
 Appellants challenge the constitutionality of a large-lot zoning ordinance of the City of the Town of Los Altos Hills ('Los Altos' or 'the town'), a California suburban community. The trial court held that the zoning ordinance was constitutional and dismissed the action. We affirm.
 
 
 5
 Appellants are two Mexican-Americans and the Confederacion de la Raza Unida, an unincorporated association of Mexican-American organizations. Neither of the named individual appellants are residents of Los Altos, but both qualify for federally assisted low-income housing. They brought this action on their own behalf and on behalf of all other persons of Mexican descent whose incomes qualify them for federally assisted housing.
 
 
 6
 In December, 1970, appellants obtained an option to buy certain lots in Los Altos. They paid a nominal amount for the option but agreed to pay $14,000 per acre if the option were exercised. The option could only be exercised if the land were rezoned for multifamily dwellings and if the Federal Housing Administration approved a low-income housing project for that land.
 
 
 7
 The zoning ordinance provides that a housing lot shall contain not less than one acre and that no lot shall be occupied by more than one primary dwelling unit. Appellants have not applied for a zoning variance to allow construction of their proposed multifamily project.
 
 
 8
 Appellants brought this action against the town, its city manager, and the members of the town council. Appellants allege that the zoning ordinance prevents them from constructing a housing project and assert that the ordinance violates the supremacy, due process, and equal protection clauses of the United States Constitution. They seek declaratory and injunctive relief.
 
 
 9
 Appellants allege jurisdiction under 28 U.S.C. 1331 and 1343(3).[1] Section 1343 gives federal courts jurisdiction over actions arising under federal civil rights statutes. Here jurisdiction under Section 1343 depends on whether an action may be maintained under 42 U.S.C. 1983. The Supreme Court recently held that a city is not a 'person' within the meaning of Section 1983 even when only equitable relief is requested. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). There is no jurisdiction over Los Altos under Section 1343.
 
 
 10
 Los Altos also contends that Section 1343 does not confer jurisdiction over the individual appellees since they are sued in their official capacity as officers of the town. We disagree. State and municipal officials whose actions violate constitutional rights are not protected by the state's sovereign immunity or the Eleventh Amendment.
 
 
 11
 If the act which the state (official) seeks to enforce be a violation of the Federal Constitution, the officer in proceeding under such enactment comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. Ex parte Young, 209 U.S. 123, 159, 160, 28 S.Ct. 441, 454, 52 L.Ed. 714 (1908). We hold that a city official is a 'person' within the meaning of Section 1983 and that the district court had jurisdiction under 28 U.S.C. 1343 in an action to enjoin him from enforcing an unconstitutional statute. Cf. Harkless v. Sweeny Independent School District, 427 F.2d 319, 323 (5th Cir. 1970). See also Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).
 
 
 12
 Appellants allege jurisdiction over the town under Section 1331. That section requires that the amount in controversy, exclusive of interest and costs, exceeds $10,000. Appellants did not allege the amount in controversy in their complaint and did not move to amend their complaint to include such an allegation. They did not adequately show the existence of the jurisdictional amount at trial. We hold that the court does not have jurisdiction over the town under Section 1331. Canadian Indemnity Co. v. Republic Indemnity Co., 222 F.2d 601 (9th Cir. 1955).
 
 
 13
 We conclude that the court has jurisdiction over the individual defendants only.
 
 
 14
 Appellants' principal contention is that the Los Altos zoning ordinance denies them equal protection of the laws. They assert that the ordinance discriminates against Mexican-Americans and the poor and that the town must show a compelling state interest to justify discrimination against 'suspect classifications' based on ethnic background and wealth.
 
 
 15
 Appellants' evidence at trial showed that in Santa Clara , county, in which Los Altos is located, there is a high statistical correlation between being Mexican-American and being poor. Mexican-Americans form only 2.1% Of the town's population but comprise 17.59% Of the county's population.
 
 
 16
 The trial court found that the ordinance prevented poor people from living in Los Altos. He also found that if Mexican-Americans did not live there, it was because of the poverty and not because of their race. Appellants concede that the ordinance does not bar wealthy Mexican-Americans from living in Los Altos. We agree that discrimination against the poor does not become discrimination against an ethnic minority merely because there is a statistical correlation between poverty and ethnic background.
 
 
 17
 Appellants also assert that they need not show racial discrimination to void the ordinance and that it is sufficient to show that the ordinance discriminates against the poor. They argue that the town must show a compelling interest to justify the ordinance because wealth is a suspect classification. See Harper v. Virginia Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).
 
 
 18
 In San Antonio School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973), the court discussed the conditions under which poverty becomes a suspect classification under the equal protection clause:
 
 
 19
 The individuals, or groups of individuals, who constituted the class discriminated against in our prior cases shared two distinguishing characteristics: because of their impecunity they were completely unable to pay for some desired benefit, and as a consequence, they sustained an absolute deprivation of a meaningful opportunity to enjoy that benefit. 411 U.S. at 20, 93 S.Ct. at 1290.
 
 
 20
 In our view these two criteria set forth the threshold requirements before a court using traditional tests may consider whether the classification is constitutionally impermissible.
 
 
 21
 Appellants meet the first criterion because the ordinance prevents them from living in Los Altos because of their poverty. They failed to meet the second criterion because they did not show that they had no 'meaningful opportunity' to obtain low-cost housing. The evidence showed that no poor people live or work in Los Altos. Appellants failed to show that adequate low-cost housing was unavailable elsewhere in Santa Clara County in areas accessible to appellants' jobs and social services. In these circumstances the town need not show a compelling interest to justify a zoning ordinance which discriminates against the poor.
 
 
 22
 Since there is no suspect classification requiring a strict standard of review, the town need only show that the ordinance bears a rational relationship to a legitimate governmental interest. Id. at 40, 93 S.Ct. 1278. Here the ordinance is rationally related to preserving the town's rural environment. See Village of Belle Terre v. Boraas, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974). The ordinance does not violate the equal protection clause.
 
 
 23
 Appellants allege that the ordinance violates Section 65302 of the California Government Code, which requires towns to adopt housing plans which 'make adequate provision for the housing needs of all economic segments of the community'. We believe that the section requires a town to provide housing for its residents but does not require it to provide housing for non-residents, even though the non-residents may live in the broader urban community of which the town is a part.
 
 
 24
 Appellants' other contentions are without merit. The ordinance does not conflict with the National Housing Act, 42 U.S.C. 1401 et seq., and does not violate the supremacy clause. James v. Valtierra, 402 U.S. 137, 140, 91 S.Ct. 1331, 28 L.Ed.2d 678 (1971). The ordinance is not arbitrary and does not deny appellants due process. See Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).
 
 
 25
 The judgment of the district court dismissing the action is affirmed.
 
 
 
 *
 Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 Appellants also allege jurisdiction under 28 U.S.C. 2201 and 42 U.S.C. 1983. 28 U.S.C. 2201 allows federal courts to grant declaratory judgments but does not enlarge their jurisdiction. Lear Siegler, Inc. v. Adkins, 330 F.2d 595, 599 (9th Cir. 1964). 42 U.S.C. 1983 creates a cause of action but does not confer jurisdiction