**Leanir SANDERS, wife of/and David Henry, Sr.**

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, and Lomas & Nettleton West, Inc.**

**Civ. A. No. 74-2603.**

United States District Court,
E. D. Louisiana.

April 15, 1975.

John F. Robbert, New Orleans, La., for plaintiffs.

Irving B. Shnaider, New Orleans, La., for Federal National Mtg. Ass'n.

Robert G. Pugh, Shreveport, La., for Lomas & Nettleton West, Inc.

ALVIN B. RUBIN, District Judge:

The plaintiff seeks a declaration that a 2% late charge exacted by a lender under an FNMA approved mortgage was usurious under state law. The mortgage was executed in June, 1969, and sold to FNMA, a federally chartered corporation, in August. FNMA's service agent collected the late charge on several payments. Later it foreclosed. The plaintiffs, who had owned the property and owed the mortgage prior to foreclosure, seek to recover all the interest they have paid, in addition to the late charges, on the theory that the late charges were interest, and this caused the total interest collected to be usurious.

Despite the elaborate briefs that have been filed, most of the issues raised

need not detain us long. Article VI of the Constitution of the United States provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land : . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

A federal regulation applicable to the mortgage in question, 24 C.F.R. § 221.-525, provides:

> The mortgage may provide for the collection by the mortgagee of a late charge, not to exceed 2 cents for each dollar of each payment to interest and principal more than 15 days in arrears, to cover the extra expense involved in handling delinquent payments. Late charges shall be separately charged to and collected from the mortgagor and shall not be deducted from any aggregate monthly payment.

■ This confers federal authority to collect the late charge. The argument that this is not paramount because federal authority is permissive, not mandatory, is too elusive to grasp. What federal law *permits*, state law may not prohibit. Federal law is not supreme only when compulsory. If the regulation is valid, it is surely dispositive.

■ The validity of an administrative regulation is tested by a three-fold inquiry: (1) Is the rule within the delegated authority? (2) Is the rule reasonable? (3) Was the rule issued pursuant to proper procedures? K. Davis, Administrative Law Treatise § 5.05 (1958). No attack has been made on the procedure by which 24 C.F.R. § 221.-525 was promulgated; if reasonable and within the delegated power the regulation is valid.

■ The reasonableness of the rule is obvious. The power to collect late charges is a well known incentive to lenders. It means that they will be repaid the collection costs incurred when payments are late, and hence that interest will not be diminished by these expenses. In addition, the threat of the late charge serves as incentive to the debtor to make prompt payment. At least it does with respect to this judge's household accounts and credit cards. Federal recognition of this fact of life, and federal authority to act on it, would supersede state usury laws, even were they applicable. See Public Utilities Commission of California v. United States, 1958, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470; Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776, 1953, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; Testa v. Katt, 1947, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967.

Nor can a serious attack be made on the power of the Secretary to promulgate the rule. The enabling legislation, 12 U.S.C. § 1715b, provides, "The Secretary is authorized and directed to make such rules and regulations as may be necessary to carry out the provisions of this subchapter." The validity of a regulation promulgated under this authority does not turn on its being the linchpin of the statutory scheme. Such a limiting use of the word "necessary" was rejected early in our history as a matter of constitutional construction. In McCulloch v. Maryland, 1819, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579, Chief Justice Marshall construed the "necessary and proper" clause of the Constitution in a manner appropriate to the construction of the statute involved here:

> Let the end be legitimate, let it be within the scope of the Constitution, and all means which are appropriate, which are plainly adapted to that end, which are not prohibited, but consist (sic) with the letter and spirit of the Constitution, are constitutional.

The collection of late fees is a reasonable, appropriate means of encouraging lenders to make funds available for the purposes of the National Housing Act. It was thus within the power of the Secretary to promulgate the regulation in question.

It is unnecessary to consider whether state law might regulate the provisions of a federally insured mortgage in the absence of an applicable regulation. See James v. Valtierra, 1971, 402 U.S. 137, 91 S.Ct. 1331, 28 L.Ed.2d 678, and Ybarra v. Town of Los Altos Hills, 9th Cir. 1974, 503 F.2d 250. The regulation could scarcely be more on point, and it is a valid exercise of the authority delegated to the Secretary. It is therefore supreme.

For these reasons, the defendants' motions for summary judgment are granted.