521 F.2d 1201
 13 Fair Empl.Prac.Cas. 1740,
10 Empl. Prac. Dec. P 10,352
Helen L. BURT, Appellee,
v.
The BOARD OF TRUSTEES OF EDGEFIELD COUNTY SCHOOL DISTRICT et
al., Plaintiffs,
C. Ashley Abel et al., Appellants.
Helen L. BURT, Appellant,
v.
The BOARD OF TRUSTEES OF EDGEFIELD COUNTY SCHOOL DISTRICT et
al., Plaintiffs,
C. Ashley Abel et al., Appellees.
 Nos. 73-2363, 73-2364.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 6, 1975.
Decided Aug. 6, 1975.
 
 Laughlin McDonald, Atlanta, Ga. (Neil Bradley, Atlanta, Ga., Melvin L. Wulf, New York City, on brief), for appellant in No. 73-2364 and for appellee in No. 73-2363.
 J. Roy Berry, Johnston, S.C., and W. Ray Berry, Columbia, S.C., for appellees in No. 73-2364 and for appellants in No. 73-2363.
 Before WINTER, CRAVEN and RUSSELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 For reasons stated in our separate opinions, we join in the following decision:
 
 
 2
 We unanimously agree to vacate the judgment below and remand for further proceedings.
 
 
 3
 On remand, the district court will comply with the directions contained in Judge Craven's opinion, which has the support of Judge Winter, except with respect to the measure of damages.
 
 
 4
 As to damages, with respect to subsequent proceedings at law, the district court will follow Judge Winter's opinion, which has the support of Judge Russell. With respect to further proceedings in equity, the district court will follow Judge Craven's opinion, which has the support of Judge Russell.
 
 
 5
 Reversed and remanded with instructions.
 
 CRAVEN, Circuit Judge:
 
 6
 This is an appeal by a plaintiff school teacher, Mrs. Burt, and a cross appeal by the trustees of the Edgefield County School Board and the county school superintendent from the judgment of the district court. Mrs. Burt's May 1972 complaint under 42 U.S.C. § 1983, alleging that her discharge was both racially motivated and effected without proper notice and hearing, stated both equitable and legal causes of action. She sought (1) $25,000 to compensate for the damage done to her "character and person;" and (2) reinstatement to her teaching position together with back pay and an order requiring defendants to contribute to her retirement fund an amount equal to that which would have been contributed had she not been unlawfully terminated. With their answer (a general denial), defendants demanded a jury trial "for that portion of the Plaintiff's cause of action wherein she seeks actual damages as opposed to equitable relief." Appx. 10.
 
 
 7
 Sometime prior to the pre-trial conference, Mrs. Burt withdrew her claim at law for "a money judgment against the individual members of the school board." Appx. 316. At the July 1973 pre-trial conference, Mrs. Burt also withdrew her prayer in equity for reinstatement, apparently because she had reached normal retirement age, but counsel for Mrs. Burt asserted, and the district court agreed, that the remaining claims for back pay and retirement fund contributions retained their equitable coloration, I. e., her abandonment of her alleged right to reinstatement was not for the purpose of resorting to another theory of recovery.[1] Construing what remained of her cause of action as equitable, the district court sat as the trier of fact and did not impanel a jury. The court found that Mrs. Burt's discharge was not racially motivated and that she was not competent to teach, but that her discharge without adequate notice and hearing denied her due process. He proceeded to award back pay, declining, in his discretion, to grant relief with respect to retirement fund contributions.
 
 
 8
 We would be inclined to affirm except that the order and judgment entered, together with certain statements appearing in the trial transcript, are ambiguous as to whether the named defendants were sued in their official or individual capacities. Since the named defendants possessed the power to reinstate and cause disbursement of back pay from public funds only in their Official capacities as Trustees, any judgment, to be consistent with the initial characterization of the action as "equitable," must necessarily run against defendants as officials. Private citizens are not empowered to reinstate or order back pay out of school board or county funds.
 
 
 9
 The judgment on its face[2] appears to be against the defendants in their individual capacities and leviable against their own personal resources. The order of October 10, 1973, however, clearly shows by detailed computation that the award is "back pay." The ambiguity is heightened by the colloquy just prior to trial between court and counsel. The record shows that the parties and the court were clearly concerned with the effect of City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), on the question of whether any § 1983 relief legal or equitable could be secured against the Board Qua Board, on the grounds that neither the Edgefield County School District nor the Board is a "person" under the statute.[3] Agreeing that the Board itself could not be reached, Mrs. Burt's counsel stated that the "action . . . will be against those trustees as individuals." Appx. 17. The court thereafter stated: "He is seeking equitable relief against the individual trustees in the form of back pay and any other incidental and equitable relief that may be justifiable." Appx. 18.
 
 
 10
 It is simply not clear whether the discussion went merely to the proper Party under Kenosha "individual trustees" instead of "Board," or went further to the Capacity necessary for equitable relief "official" as opposed to " individual." If the suit thereafter proceeded against defendants in their individual capacities, which is indicated by the language in the judgment, the district court erred. If the defendants are liable in their individual capacities, the measure of damages would not be the equitable one of back pay but instead the value of the contract defendants wrongfully broke. If Mrs. Burt was an incompetent teacher, as alleged, and as found by the district judge (sitting in equity), the value of the broken contract would be relatively little and might well be nominal. But whatever the amount, the award would clearly be money damages and not equitable in nature. Thus it is clear that the defendants' demand for a jury trial should have been granted in what apparently evolved into a suit against them in their individual capacities.[4]
 
 
 11
 The judgment must therefore be vacated and the case remanded for further proceedings with these instructions:
 
 
 12
 1. To the extent the complaint seeks relief against the Board of Trustees of the Edgefield County School District it must be dismissed because neither the district nor the Board is a "person" within the meaning of § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Singleton v. Vance County Board of Education, 501 F.2d 429 (4th Cir. 1974). But see Keckeisen v. Independent School District 612, 509 F.2d 1062 (8th Cir. 1975).
 
 
 13
 2. Plaintiff will be allowed to amend her complaint under Rule 15, Fed.R.Civ.P., to allege other possible bases of jurisdiction against the school board, Qua board. See Singleton v. Vance County Board of Education, supra, at 430 and 434 (Winter, J., concurring and dissenting).
 
 
 14
 3. To the extent the complaint seeks equitable relief under § 1983 against the members of the Board in their official capacities it may be prosecuted, for such municipal officers are "persons" within the meaning of § 1983. Harper v. Kloster, 486 F.2d 1134, 1138 (4th Cir. 1973); Incarcerated Men of Allen Co. Jail v. Fair, 507 F.2d 281, 287-88 (6th Cir. 1974); Ybarra v. City of Town of Los Altos Hills, 503 F.2d 250, 253 (9th Cir. 1974). For cases in which equitable relief under § 1983 was allowed against defendants in their capacity as municipal officials, See, e. g., Griffin v. County School Board, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), Cited in Monroe v. Pape, 365 U.S. 167, 191, n. 50, 81 S.Ct. 473. But see Moye v. City of Raleigh, 503 F.2d 631, 635, n. 11 (4th Cir. 1974) (caveat); Bennett v. Gravelle, 323 F.Supp. 203, 211 (D.Md.1971), Aff'd on other grounds,451 F.2d 1011 (4th Cir.), Cert. petition dismissed, 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692 (1972).
 
 
 15
 4. Prosecution of this suit is not barred by the eleventh amendment. While the actions of counties and other subdivisions of a state generally constitute "state action" for purposes of the fourteenth amendment, a county or other state subdivision defendant "is not Necessarily a state defendant for purposes of the Eleventh Amendment." Edelman v. Jordan, 415 U.S. 651, 667, n. 12, 94 S.Ct. 1347, 1358 (1974) (emphasis added).[5]
 
 
 16
 5. To the extent that the suit proceeds in equity against the Board itself, assuming a proper jurisdictional basis other than § 1983, and/or against the defendants in their official capacities, it is clearly within the power of the district court to award back pay as an equitable remedy[6] without the requirement of trial by jury. Smith v. Hampton Training School, 360 F.2d 577, 581, n. 8 (4th Cir. 1966) (en banc), Cited in Curtis v. Loether, 415 U.S. 189, 196, n. 13, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). If Mrs. Burt does so pursue equitable relief, the district judge may reinstate the judgment he previously entered specifying that it run against the Board (again, assuming jurisdiction) and/or the defendants in their official capacities. In holding that he may so reinstate, we necessarily express our approval of: (1) the factual finding that the failure to rehire Mrs. Burt was proper except for the violation of her due process rights, I. e., that it was Not racially motivated we cannot on this record say that it was clearly erroneous; (2) the court's refusal in its discretion to award, in "equity," a sum which would be the present equivalent of what Mrs. Burt would have received in the future in additional retirement benefits (given her life expectancy when she retired) had she been permitted to teach for those last two years and had then retired approximately $25,000. The court stated that it did "not feel (such damages) should come within the scope of the equitable relief in this particular case, that is, certain monetary damages in the future. And even if they do come within the scope of the equitable relief, the court under the circumstances of this case would not feel it appropriate to award such damages, and the court so finds that." Appx. 311-12. Assuming this kind of damage award a present grant of damages in lieu of additional retirement benefits accruing over Mrs. Burt's life expectancy, all to redress a past deprivation of due process could be characterized as "equitable," we hold that the court did not abuse its discretion in failing to grant such relief.
 
 
 17
 6. To the extent that Mrs. Burt presses her suit against the defendants in their individual capacities, the district court must grant the defendants' demand for trial by jury. If the suit proceeds solely as a legal claim for damages, all factual issues including the claim of racial discrimination can be contested before the jury. And if the suit proceeds both as legal and equitable, "the right to jury trial on the legal claim, including all issues common to both claims, remains intact." Curtis v. Loether,supra, 415 U.S. at 196, n. 11, 94 S.Ct. at 1009. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 470-73, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). The measure of damages, if the constitutional torts are proved, will be the value of the contract the defendants wrongfully broke, damage to her character and reputation due to invidious discrimination, plus exemplary or punitive damages if the evidence suffices to support such a claim. The defendants will be entitled to assert the defenses that her discharge was not racially motivated, that she was an incompetent teacher (which would relate to the value of her contract), and that they possessed the qualified immunity from liability for damages as set out in Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).
 
 
 18
 7. Counsel fees.
 
 
 19
 The district court allowed counsel fees to plaintiff from July 1, 1972, to December 1, 1972, on which date her attorney was employed by the American Civil Liberties Union on a salaried basis. The district court reasoned that counsel fees should not be awarded for the benefit of the ACLU. We have recently decided that question to the contrary. Tillman v. Wheaton-Haven Recreation Ass'n, Inc., 517 F.2d 1141 (4th Cir. 1975). But meanwhile, the Supreme Court has held that attorneys fees may not be allowed under a private attorney general theory unless authorized by statute. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). On remand, the district court should reconsider the matter of attorneys fees in light of Alyeska and Wheaton-Haven.
 
 
 20
 Vacated and remanded.
 
 
 21
 WINTER, Circuit Judge (concurring and dissenting):
 
 
 22
 I agree with Judge Craven that the present record simply does not permit us to determine with certainty whether plaintiff's action was at law, in which event it was error for defendant's timely demand for a jury trial not to have been honored, or whether it was in equity where the district court could decree relief without intervention of a jury. Accordingly, I concur in vacating the judgment and remanding the case for further proceedings.
 
 
 23
 I am also in agreement with Judge Craven's other holdings except with respect to (1) computation of monetary relief if plaintiff's action is determined to be in equity, and (2) computation of damages, or, more properly, instructions to the jury as to how to compute damages, if plaintiff's action is determined to be at law. In my view, the injury suffered by Mrs. Burt as a result of the denial of her constitutional right to procedural due process of law is unaffected by the characterization of the action in which redress was sought. In either law or equity, plaintiff should recover her full loss of earnings, including fringe benefits, from the date of her illegal discharge to the end of the school year in which she reached the age of retirement. If plaintiff is proceeding in equity, payment of those sums should be decreed. If plaintiff is proceeding at law, the jury should be told that this is the amount they should award.
 
 
 24
 Plaintiff was the victim of a breach of contract. Her contract was illegally terminated without observance of the procedural due process that the Constitution requires. As the injured party, she is entitled to recover the losses she sustained as a result of the breach. Those losses are measured by the value of the contract To her ; i. e., what she would have received under the contract had the illegal breach not occurred. Manifestly, in a contract for personal services the measure of damages is the loss of compensation she would have been paid had she been permitted to perform her bargain, less what she actually earned or reasonably would have earned in the time that she was not required to perform her contract. 11 Williston, Contracts, § 1358 (Jaeger Ed. 1968); 4 Corbin, Contracts § 958 (1951). It matters not that the breaching party may have made an improvident bargain. To assert that damages may be measured by the value of the contract to the party committing the breach literally stands the law of contracts on its head. Such a holding is an open invitation to contracting parties to avoid their obligations by any means, fair or foul, if it subsequently appears that the value of their contract is less than they contemplated at the time that it was made, because, under such a holding, their liability is measured by the value of the contract to them, not by the value they promised to give.
 
 
 25
 Such a holding also has chilling implications for constitutional procedural protections; the lesson taught the state employer is that the constitutional safeguard of procedural due process may be safely ignored if adequate grounds for dismissal can be proved in the uncertain event of some future proceeding. The present case illustrates the danger of such an approach quite well. In the district court, both the plaintiff and the board contended that Mrs. Burt appeared before the court in a state much diminished from that of her days of competence as a teacher. The board contended that her decline preceded her dismissal; the plaintiff contended that her dismissal and its aftermath contributed in large part to her present nervous difficulties. Contrary to both, the district court found that Mrs. Burt must have been incompetent all along. The necessity of resolving conflicting evidence suggests the inadequacy of collateral proceedings to protect a plaintiff's rights in such situations, and argues for the need to put economic sanctions on the state employer to compel it to give notice and opportunity to be heard, and to compile the kind of record which would allow reliable assessment of the correctness of a challenged action.
 
 
 26
 Plaintiff suffered more than just loss of her salary. She was a member of a contributory state retirement fund for teachers. Had plaintiff been employed for the two years after her unlawful discharge until the end of the school year in which she reached retirement age, and made contributions to the fund based upon what her salary would have been, plaintiff's pension upon retirement, under the option she selected, would have been substantially increased over the pension she is now receiving. Indeed, based upon actuarial tables showing plaintiff's life expectancy of 171/2 years, she would have received total additional pension benefits of $24,954.30.
 
 
 27
 I think that plaintiff is entitled to be compensated for pension rights which she lost as a result of her illegal discharge. In Horton v. Orange County Board of Education, 464 F.2d 536 (4 Cir. 1972), we held that a teacher discharged in violation of her procedural due process rights was entitled to recover back pay to the date of judgment in the district court even though it was found that good grounds for her dismissal existed. If unconstitutional dismissal did not extinguish defendant's obligation to compensate her for her lost salary, it is difficult to see how it extinguished pension or other fringe benefits. Numerous authorities recognize that fringe benefits and other incidents to basic compensation are included within the concept of back pay. See, e. g., Rosen v. Public Service Electric & Gas Company, 477 F.2d 90, 95-96 (3 Cir. 1973) (retirement benefits); Bowe v. Colgate Palmolive Co., 489 F.2d 896, 903-04 (7 Cir. 1973) (vacation, sick pay, and bonus); Peters v. Missouri-Pacific Railroad Co., 483 F.2d 490, 498-99 (5 Cir. 1973), Cert. denied, 414 U.S. 1002, 94 S.Ct. 356, 38 L.Ed.2d 238 (1973) (mandatory retirement age and benefits); Hays v. Potlatch Forests, Inc., 465 F.2d 1081, 1084 (8 Cir. 1972) (overtime pay benefits); McAleer v. McNally Pittsburg Mfg. Co., 329 F.2d 273 (3 Cir. 1964) (retirement benefits and cash surrender value of group life insurance). See also 5 Corbin, Contracts § 1095, pp. 433-34 (1951).
 
 
 28
 The present case is no different from those cited merely because it has been found that the board was not improperly motivated in discharging Mrs. Burt. As stated above, the failure of the board to afford her procedural due process of law is enough to support a back pay award. See Horton v. Orange County Board of Education, 464 F.2d 536 (1972); See also Burton v. Cascade Union Dist. High School No. 5, 512 F.2d 850 (9 Cir. 1975). I perceive no reason in the present case to diminish that award to something less than the full amount of Mrs. Burt's injury by excluding any of the normal elements of a back pay award.
 
 
 29
 It follows, I think, that if plaintiff is granted equitable relief, her monetary award should include lost wages and should require either that she be reinstated as an active member in the state retirement system to the date of actual retirement as if she had not been illegally discharged, as we approved in Morton v. Charles County Board of Education, 520 F.2d 871, 873, n. 4 (4 Cir. 1975), or that she be decreed entitled to the present commuted value of her lost right to future additional pension. In an action at law, the jury should be instructed to assess damages in a similar fashion.
 
 
 30
 Since, in my view, personal damage and the constitutional protections at stake are the same at law and in equity, I cannot subscribe to the suggestion that an award in equity should be less than an award at law. The assertion that there is a difference is unsupported by any citation of authority and no reason is advanced as to why a distinction should be drawn. In equity, Mrs. Burt presents a strong case. She can hardly be deemed to have breached her contract. Even if an incompetent teacher, the quality of plaintiff's services must have been known to defendants at the time that her yearly contract was last renewed. She had been a school teacher for more than 35 years, 21 years of which she served in the Edgefield County School District. It is perhaps significant that plaintiff had always taught at all-black schools and the decision to terminate her contract was made during the last year that the Edgefield County schools were operated on a segregated basis. Aside from the invidious inference which might well be drawn, defendant's belated recognition of her lack of competence substantially dilutes its claim that it should not be required to make her whole.
 
 
 31
 Finally, I note that the opinion of Judge Craven, in which Judge Russell concurs, does not Require a lesser award in equity. It holds that the district court's declining to make a full monetary award in equity was not an abuse of discretion. Thus, the majority impliedly holds that the district court, in its discretion, might properly have made a greater award. I give voice to the hope that on remand the chancellor will reexamine his conscience and achieve full equity.
 
 DONALD RUSSELL, Circuit Judge (concurring):
 
 32
 The only judgment entered in this action and the only action resolved thereby was that of the personal liability of the school trustees. In such personal action, the defendants made timely demand for a jury trial, which was denied. Under those circumstances, we are compelled to reverse the judgment for the failure of the District Court to respect the individual defendants' constitutional right to a trial by jury and to remand for a new trial, in which the defendants' right to a jury trial is upheld and in which, in my opinion, the measure of damages would be as stated in Judge Winter's dissent. I accordingly concur in so much of the opinion of Brother Craven as reverses the judgment on this ground but I concur in the opinion of Judge Winter, so far as it states the rule of damages for the action at law.[1]
 
 
 33
 I express no opinion on those portions of the opinion of Judge Craven as deal with matters that may arise on retrial. I do not think we should anticipate and rule upon matters that may arise on re-trial; it will be time enough to consider such matters after trial in the District Court and in the light of the record made at that time. I particularly question the propriety of the opinion's conclusion that an award of damages by way of "back pay" in a § 1983 action for failure to grant procedural due process so "partakes of an equitable award for the purpose of vindication and deterrence" as to make inappropriate the constitutional guarantee of a right to a trial by jury. There is considerable doubt, I submit, whether this is a correct construction of the constitutional guarantee of a right to a jury trial as applied to an action under § 1983.[2] In any event, I do not think the issue should be resolved without the development of an appropriate record and after adequate briefing.
 
 
 
 [1]
 In a sense, Mrs. Burt, having at the time of her complaint reached 65, the normal, but not mandatory, retirement age, can be said to have sought retroactive "reinstatement" from the time of her discharge to the date of the court's judgment or the date that she would have retired, whichever happened to occur first depending on the length of the litigation. This is in fact the theory of tying back pay awards to reinstatement: equity can treat that which is done unfairly or illegally as not having been done at all. The record is clear that Mrs. Burt would have taught in the school year 1970-71, had she not been discharged in the spring of 1970. The district court found, on conflicting evidence, that she would have continued to teach for the year 1971-72 and then retired in July 1972, having reached 65 in November 1971. Instead, she retired effective July 1, 1971
 
 
 [2]
 It reads, in pertinent part: "It is Ordered and Adjudged (that) Plaintiff . . . recover of the Defendants, C. Ashley Abel, James Cooper, Cecil Yonce, Jr., Mott Bann, and Herman E. Cain, the sum of ($6,665.77)." Appx. 13
 
 
 [3]
 Their assumption that the Board itself was not a suable party under § 1983 was correct under our recent decision in Singleton v. Vance County Board of Education, 501 F.2d 429 (4th Cir. 1974)
 
 
 [4]
 On the other hand, defendants on appeal raised the possibility that the "equitable" award might be barred by the eleventh amendment under Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). While we disagree with their contention, see P 4 Infra, counsel would hardly have raised the point if they thought the judgment went against defendants in their individual capacities. Such a jurisdictional defense would make sense only if counsel for defendants had assumed that the back pay award would be drawn from the Board's or the county's funds by the trustees acting officially. We think, therefore, that the question simply cannot be resolved on this appeal
 
 
 [5]
 Without considering situations in which suits against subdivisions might be barred under the eleventh amendment, we agree that, as here, it is "not a bar to an award that may be satisfied out of a county's treasury." Incarcerated Men of Allen County Jail v. Fair, 507 F.2d 281, 287 (6th Cir. 1974). See Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890); Griffin v. County School Board, supra
 
 
 [6]
 While ordinarily back pay is not awarded except as part of an equitable decree of reinstatement, we think that in this type of case, given the dominant purpose to protect an employee's property interest from procedural unfairness, an award of back pay alone is within the sound discretion of an equity court. Horton v. Orange County Bd. of Educ., 464 F.2d 536 (4th Cir. 1972). See Garcia v. Daniel, 490 F.2d 290, 292 (7th Cir. 1973) (back pay not proper where no "property" interest is at stake). See also Burton v. Cascade Union Dist. High School No. 5, 512 F.2d 850 (9th Cir. 1975)
 
 
 [1]
 If, however, this action on remand can be validly cast in the mold of an equity action and if it should be resolved that a jury trial is not available in this phase of the case (a result I regard as impossible, particularly under the unique facts of this case), I would concur in the rule as stated in Judge Craven's opinion with reference to the power of the equity court to fashion a remedy by way of monetary relief
 
 
 [2]
 See the thoughtful discussion of this issue in Lazor, Jury Trial in Employment Discrimination Cases Constitutionally Mandated ? 53 Texas L.Rev. 483 (1975)