Vivian E. HEATH, Plaintiff,

v.

REDBUD HOSPITAL DISTRICT et al., Defendants.

No. C–77–976 SC.

United States District Court, N. D. California.

Aug. 12, 1977.

Jay C. White, Redwood City, Cal., for plaintiff.

Joseph E. Sheeks, San Rafael, Cal., Richard V. Godino, Mill Valley, Cal., for defendants.

## ORDER

CONTI, District Judge.

This matter is before the court on defendants' motion made pursuant to Rule 12(b)(6), F.R.C.P., to dismiss the first amended complaint for failure to state a claim upon which relief can be granted.

The court considers the facts as alleged in plaintiff's complaint as being true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Plaintiff was employed as Administrator of Redbud Community Hospital from July 1, 1974 until November 1, 1976. On October 18, 1976, the Board of Directors of Redbud Community served notice on plaintiff that she would be terminated on November 1, 1976. This was done without affording plaintiff a hearing. Plaintiff requested a hearing, but this was denied. Plaintiff has named as defendants the Redbud Hospital District, the Redbud Hospital Board of Directors, and the directors and officers of the Redbud Hospital District, acting in their respective capacities as directors and officers of the above-named district and board. Plaintiff seeks reinstatement as Administrator of Redbud Community Hospital and damages for lost wages. Plaintiff alleges jurisdiction solely under 28 U.S.C. § 1343 and states a claim solely under 42 U.S.C. § 1983.

(1) *Is the Redbud Hospital District a "person" within the meaning of 42 U.S.C. § 1983?*

██ The Redbud Hospital District was organized pursuant to California's Local Hospital District Law. Cal. Health & Safety Code §§ 32000 *et seq.* and Cal. Govt. Code §§ 23500 *et seq.* Analysis of the issue presented begins with the Supreme Court's holding in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). There the Court held that municipalities are immune from suit under § 1983 because municipalities were not "persons" within the meaning of that statute. *Id.* at 191, 81 S.Ct. at 473, 5 L.Ed.2d 492. The decision was based solely on an examination of legislative history. Since *Monroe v. Pape*, the Supreme Court has also found that counties are not "persons." *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1972). Based on *Monroe v. Pape* the Ninth Circuit has held that a state is not a "person." *Whitner v. Davis*, 410 F.2d 24, 29 (9th Cir. 1969); *Loux v. Rhay*, 375 F.2d 55, 58 (9th Cir. 1967); *Williford v. California*, 352 F.2d 474, 476 (9th Cir. 1965). An administrative agency of a state is not a "person." *Bennett v. People of State of California*, 406 F.2d 36, 39 (9th Cir. 1969), *cert. denied*, 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed. 2d 568 (California Adult Authority and the California Department of Correction); *Sykes v. State of California*, 497 F.2d 197, 201 (9th Cir. 1974) (California Department of Motor Vehicles). A state bar association is not a "person." *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966). A state college is not a "person." *Whitner v. Davis*, 410 F.2d 24, 29 (9th Cir. 1969). A state university board of regents is not a "person." *Sellers v. Regents of University of California*, 432 F.2d 493, 500 (9th Cir. 1970), *cert. denied*, 401 U.S. 981, 91 S.Ct. 1194, 28 L.Ed.2d 333. A school district is not a "person." *Harvey v. Sadler*, 331 F.2d 387, 390 (9th Cir. 1964), *cited with approval, Brown v. Town of Caliente*, 392 F.2d 546,

547 (9th Cir. 1968). Essentially, the Ninth Circuit's position is that no state or its state organized political subdivision are "persons" within the meaning of § 1983 in light of the holding of *Monroe v. Pape. See Williford v. California, supra.*

Although the Ninth Circuit has not specifically held that hospital districts are not "persons," other circuits have so held. *Hathaway v. Worcester City Hospital,* 475 F.2d 701, 707 (1st Cir. 1973); *Robinson v. McCorkle,* 462 F.2d 111, 114 (3rd Cir. 1972); *United States ex rel. Gittlemacker v. County of Philadelphia,* 413 F.2d 84, 86 (3rd Cir. 1969), *cert. denied,* 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691. Since the Ninth Circuit has held that similar school districts are not "persons," and since this Hospital District is organized pursuant to State statute, making it a subdivision of the State and county governments, the court finds the Redbud Hospital District and its Board are not "persons" within the meaning of § 1983. It should be noted that the Supreme Court has left open the related question of school districts. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 571–72, 50 L.Ed. 2d 471 (1977). Furthermore, it is of no consequence that plaintiff seeks both equitable and legal relief. *City of Kenosha v. Bruno,* 412 U.S. 507, 513, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

(2) *Having held that the Hospital District is not a "person," are the Hospital District board members individually named in the complaint nevertheless "persons," even though they are sued in their official capacities for monetary and equitable relief?*

█ The Ninth Circuit has specifically held that a city official is a "person" within the meaning of § 1983. *Construction Ind. Ass'n, Sonoma Cty. v. City of Petaluma,* 522 F.2d 897, 903 (9th Cir. 1975), *citing Ybarra v. City of the Town of Los Altos Hills,* 503 F.2d 250, 253 (9th Cir. 1974). The same reasoning would apply to members of a hospital district. The court, however, is concerned with the logic of these cases in light of *City of Kenosha v. Bruno,* 412 U.S.

507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). There the Court held that a municipality is not a "person" under § 1983 and cannot be enjoined under that statute. Permitting officials of the municipality to be enjoined appears to circumvent the holding of *City of Kenosha.* The Supreme Court appears to be concerned with this issue. *See Monell v. Dept. of Soc. Serv. of City of New York,* 532 F.2d 259, 264 (1976), *cert. granted,* 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977). The question of permitting damages against a person acting in his official capacity presents another question. *See id.* at 265–66. In sum, this court is compelled by the holdings of the Ninth Circuit to permit the individual defendants to be sued as "persons" under § 1983. The court will reserve the question as to what type of relief is available against these individual defendants.

(3) *Does the complaint state a claim under § 1983?*

█ It must appear beyond doubt that the plaintiff can prove no set of facts in support of her claim before this court can grant a motion to dismiss for failure to state a claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Based on the pleadings, plaintiff's case cannot be dismissed at this stage of the proceedings. *See Stretten v. Wadsworth Veterans Hospital,* 537 F.2d 361 (9th Cir. 1976).

For the above reasons, it is hereby ordered that defendants' motion is granted in part and denied in part, and it is the further order of the court that defendants Redbud Hospital District and Redbud Hospital Board of Directors are dismissed.