GENE A. DiRADO *vs.* CIVIL SERVICE COMMISSION
(and a companion case[1]).

Suffolk.   December 9, 1966. — March 2, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Civil Service.*

Although appeals to the Civil Service Commission under G. L. c. 31, § 12A,
from a decision of the Director by competitors in a competitive exami-
nation for the position of artist, in form, requested that the markings
on designated examination questions be reviewed by the commission,
where the purpose of the appeals, in fact and in substance, was to have
the manner in which the examination had been conducted reviewed by
the commission and that was the only issue raised by the appellants at
the hearing before it, a decision of the commission, to "cancel the exami-
nation held" and to "request the Director to · hold a new examination
. . . because . . . this examination did not afford the applicants a fair
opportunity to demonstrate their abilities" in that some applicants had
used drawing aids in the examination and other applicants had not,
was not precluded by the form of the appeals, did not usurp any statu-
tory powers of the Director, and was a valid quasi-judicial determina-
tion.   [133–134]
A competitor who had received the highest grade in a competitive civil
service examination and who did not appeal from a decision by the
Director to the Civil Service Commission was not entitled to notice of a
hearing which was held by the commission upon appeals to it by other
competitors and which resulted in a decision by it to cancel the exami-
nation.   [134–135]

TWO PETITIONS for writs of certiorari filed in the Superior
Court on March 10, 1964.

The cases were heard by *Thompson,* J.

The cases were submitted on briefs.

*Charles F. Mahoney & Thomas J. Wilgren* for the
petitioners.

*Howard M. Miller,* Special Assistant Attorney General,
for the respondent.

---

[1] Harold Crowley, Jr. *vs.* Civil Service Commission.

KIRK, J.  In each case the petitioner appeals the dismissal in the Superior Court of his petition for a writ of certiorari seeking to quash the decision of the Civil Service Commission which (a) cancelled the examination he had taken for the position of artist in the Department of Public Works of the Commonwealth and (b) requested the Director of Civil Service to hold a new examination for the position.

We first consider the DiRado petition.  The Commission's return shows that seventy-two applicants took the examination which was held at different places in the Commonwealth on April 27, 1963.  The examination consisted of ten practical questions involving design, sketching or drawing.  The time allowed was four hours.  Nine applicants, including DiRado, passed the examination.  Four applicants, including DiRado, requested the Director of Civil Service, pursuant to G. L. c. 31, § 12A, to review their markings on experience or specified practical questions, or both.  Thereafter three of the four applicants, including DiRado, seasonably appealed from the Director's decision to the Commission under G. L. c. 31, § 12A.  The three appeals were heard by all five members of the Commission (G. L. c. 13, § 1) on November 6, 1963.

After hearing the testimony on the three appeals the Commission unanimously voted to cancel the examination and to request the Director to hold a new examination for the position.  The Commission gave notice of its decision to those affected by it.  Upon receipt of the Commission's decision cancelling the examination DiRado requested reconsideration.  A hearing was held on January 13, 1964; reconsideration was denied on February 5, 1964.  The present petition by DiRado followed.  DiRado's contentions are that (a) the Commission, in violation of G. L. c. 31, § 12A, failed to hear and decide the appeal before it, and (b) the Commission's decision cancelling the examination was in violation of G. L. c. 31, §§ 2, 10.

DiRado's contention, as we understand him, is that the subject of his appeal to the Commission was the markings

on designated examination questions and that the Commission's authority extended only to a review of these markings. We do not agree. General Laws c. 31, § 12A, as appearing in St. 1948, c. 297, states that an applicant may appeal a decision of the Director with respect to markings "to the commission by filing a petition in a form approved by it and containing a brief statement of the facts upon which such appeal is based." The statements of facts relied upon by DiRado and the other applicants in their petitions to the Commission are not before us. The Commission's return, however, shows that the substance of the testimony in support of all three appeals to the Commission was that some applicants had the advantage of using certain drawing aids which they had brought to the examination, whereas the appealing applicants had not brought aids with them because the notice of the examination gave no indication that their use would be permitted. More specifically, the only evidence on DiRado's appeal were statements by DiRado and his spokesman that the time allowed for completing the examination was, for DiRado, insufficient because he, unlike some others who took the examination with him in Worcester, did not have the advantage of using a triangle, T-square or straight edge. The testimony of a second applicant, who took the examination at a school in Boston, was substantially the same as DiRado's, with the additional statement that "better than fifty percent" of the applicants used mechanical aids. The second applicant's counsel argued to the Commission "that this examination was not a proper exam." A third applicant, who took the examination at a different school in Boston, testified that he was not appealing on all the questions but "just on the exam in general"; that although he finished in time, he did not bring to the examination the aids and materials which others used, including colors, because his notice sheet was a blank paper.

The Commission's return shows no other evidence. There was no motion to extend the return. . See *Albano* v. *Selectmen of So. Hadley,* 341 Mass. 494, and cases cited. The return must be accepted as true concerning all matters

within the Commission's jurisdiction. *Newcomb* v. *Alder-men of Holyoke,* 271 Mass. 565, 567. We conclude, there-fore, that although the appeals, in form, may have re-quested that the markings on designated examination ques-tions be reviewed, their purpose, in fact and in substance, was to have the Commission review the manner in which the examination had been conducted. The vote of the Com-mission shows that it passed upon the only issue raised by the applicants at the hearing and that the issue was decided in their favor: ''Voted: To cancel the examination held for artist on April 27, 1963, and to request the Director to hold a new examination for said position because, in the opinion of the Commissioners, this examination did not afford the applicants a fair opportunity to demonstrate their abilities, specifically, that some of the applicants were not informed that the use of straight edges, T-squares or triangles would be permitted and some were unable to avail themselves of the assistance of such standard implements whereas others were permitted to use the same.''

Of the three applicants who offered evidence before the Commission that the examination was not fairly conducted, only DiRado now complains. His complaint is that the Commission set aside the entire examination instead of re-vising upward the markings on certain questions as he had requested. DiRado cannot have it both ways. He cannot assert a vested right in the outcome of an examination which he says, and which the Commission found, was un-fairly conducted. We think that in the circumstances the Commission's power to act was not circumscribed by the form in which the request for relief was made by the appli-cants. The Commission's duty extends not only to the appealing applicants, but also to the other applicants and to the public. It ''has the solemn and important duty of administering the law faithfully and impartially.'' *Moore* v. *Civil Serv. Commn.* 333 Mass. 430, 435. The Commis-sion's action in the present case was consistent with its duty.

We note further that DiRado's request to have his mark-ings revised upward by the Commission is inconsistent with

his contention that matters of a technical and administrative nature should be left to the Director. In *Moore* v. *Civil Serv. Commn.* 333 Mass. 430, this court dealt with the history, legislative purpose and, so far as applicable to the case before it, the construction of the statutory provisions concerning the duties, respectively, of the Director and the Commission. (G. L. c. 13, §§ 1, 2, and G. L. c. 31, §§ 2, 2A, 10, 12A.) We need not repeat what was said there. 333 Mass. 430, 432–436. We point out, however, that the statutory scheme, as delineated in the *Moore* case, consigned duties of an administrative and technical nature to a skilled professional, the Director, leaving the Commission "free to formulate policy and to perform quasi legislative and quasi judicial functions" (p. 434). In the present case, the Commission could not grant DiRado's requested form of relief unless it first determined which applicants had the advantage of drawing aids; whether the applicants should or should not have been permitted to use drawing aids, and what value should be placed upon the use of drawing aids in determining revised markings. These questions involve administrative or technical matters which are more properly left to the Director.

The Commission was therefore correct in deciding that the evidence showed that the use of drawing aids was a factor in the results of the examination, that the applicants at large had not been given an equal opportunity to use them, and that a new examination with uniform standards was the feasible way to provide an equal opportunity. The decision in no way usurped the powers given by statute to the Director. Rather, it was a quasi-judicial determination made by the Commission acting in a quasi-judicial capacity.

Crowley's petition requires no extended comment. He had placed first in the examination. He requested no review by the Director. When he received notice of the cancellation of the examination, he requested and was granted a hearing by the Commission for reconsideration and rescission of the decision to cancel. Upon the denial of reconsideration the petition for certiorari was filed, alleging in essence that (a) the decision to cancel was erroneous in law

and (b) Crowley was entitled to notice of the hearing which resulted in the cancellation. The first point is answered by what we have said regarding the DiRado petition. The second point is resolved adversely to Crowley in *Moore* v. *Civil Serv. Commn.* 333 Mass. 430, 434, 435.

In each case the order dismissing the petition is affirmed.

*So ordered.*