**Enrique A. GARCIA, Plaintiff-Appellee,**

**v.**

**David DANIEL, Director of Cook County Department of Public Aid, Defendant-Appellant.**

**No. 73–1188.**

United States Court of Appeals, Seventh Circuit.

Heard Dec. 10, 1973.

Decided Dec. 28, 1973.

Rehearing En Banc Denied Jan. 28, 1974.

Michael B. Cohen, Chicago, Ill., for defendant-appellant.

Bernard Carey, State's Atty., John Dienner, III, Paul P. Biebel, Jr., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, PELL and STEVENS, Circuit Judges.

CUMMINGS, Circuit Judge.

In his second amended complaint under the Civil Rights Act (42 U.S.C. § 1983), plaintiff alleged that on March 3, 1972, he had been unlawfully fired as a caseworker trainee in the Cook County, Illinois, Department of Public Aid as a result of his February 29, 1972, arrest by officers of the federal Immigration and Naturalization Service. Because of his arrest and detention in jail, plaintiff missed work on March 1st. He alleged that he was summarily discharged by defendant without any notice or hearing. He sought reinstatement with back pay plus $15,000 in damages. Defendant's motion to dismiss asserted that plaintiff was only a probationary worker and therefore could be summarily discharged under Ill.Rev.Stats. 1971, Ch. 34, § 1118. Defendant attached to his supporting brief his March 3 letter separating plaintiff from his position at the close of business on that date because of his "falsification of official attendance records." A copy of the termination letter was sent to the Cook County Civil Service Commission. The falsification of records charge was based on the contention that plaintiff's absence from work was not because of "an accident" as claimed in an intra-office memorandum he wrote, but because of his having been jailed.

The district court filed three brief memorandum opinions. The first concluded that plaintiff had stated a claim. The second required defendant to give plaintiff notice of the charges and a hearing at which he would have the opportunity to clear his name. The court held that such action was required by Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, decided about four months after plaintiff's discharge, because *Roth* contemplated notice and opportunity to be heard where a person was discharged for dishonesty or where the employer sought to bar a discharged person from other public employment. 408 U.S. at 573–574, 92 S.Ct. at 2707. Since defendant has not cross-appealed, this holding is no longer in issue.

Two days after the issuance of the district court's second opinion, a hearing was conducted by a Cook County Department of Public Aid hearing officer. He found that plaintiff was discharged because of his false written explanation of his March 1, 1972 absence. He considered that plaintiff had not originally been given adequate notice and opportunity to clear his name. He further found that the false statement was made intentionally and concluded that plaintiff had failed to clear his name because the charge that he had falsified records was true. Plaintiff did not challenge these findings in the district court.

Subsequently, plaintiff filed an answer to defendant's cross-motion for partial summary judgment requesting damages from the date of his termination until the date he was given an ad-

ministrative hearing. In an accompanying memorandum of law plaintiff spelled out damages of at least $5,073, consisting of loss of earnings and $1,000 expenses for moving to Florida where he secured another job. Simultaneously, he asked the court to assess the defendant with $18.24 in costs and $1500 in plaintiff's attorney's fees. In denying plaintiff's request for damages, costs and attorney's fees and in granting defendant's motion that the case be dismissed, the district court stated as follows in its final, unreported opinion:

"Where a court holds that a plaintiff should not have been fired it is reasonable that he be compensated for the time he was not working but should have been. That is not the situation in this lawsuit. The hearing officer found that plaintiff was properly fired for falsifying department records. Plaintiff implicitly accepts the validity of the reason, for in his briefs before this court his only contention is that failure to give a hearing was improper and that damages are recoverable for the period from the date of firing until the hearing was given. Plaintiff cites no case which holds back pay can be awarded where reinstatement is not ordered. Cases ordering back pay do so after ordering reinstatement. See, e. g., McFerren v. County Board of Education of Fayette County, Tennessee, 455 F.2d 199 (6th Cir. 1972). As the Supreme Court recently held, the fact that the employer should have given the employee a hearing prior to firing him does not entitle the employee to reinstatement, it merely means he should be informed of the reasons for firing and be given an opportunity to challenge them. Perry v. Sindermann, 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

"Because plaintiff has not shown he is entitled to reinstatement and because he has not alleged any damage to his reputation or ability to pursue a profession that was due to the hearing not being given at the time of firing, there are no grounds for an award of damages. Plaintiff also has not cited any authority in support of his request for attorney's fees. Plaintiff's petition for assessment of damages and attorney's fees is denied. Defendant's motion for partial summary judgment is granted."

We affirm.

■ The district court did not order the Cook County Department of Public Aid to give plaintiff a hearing to protect a property interest in his employment but to give him the "opportunity to clear his name" as specified in Board of Regents v. Roth, 408 U.S. 564, 573, n. 12, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548. If plaintiff had cleared his name at the administrative hearing, his employer would have "remain[ed] free to deny him future employment for other reasons." Idem. Had the reason for his discharge been one that did not impugn his good name, he would not have been entitled to any hearing at all. Therefore, back pay would not be the proper measure of damage; pay is simply not the interest this hearing was intended to protect.

■ Plaintiff relies principally on Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966). That case held that whenever a substantial interest is involved, such as reputation or the ability to pursue a profession effectively, a public employee may not be removed on arbitrary grounds or without a procedure "calculated to determine whether legitimate grounds [for the discharge] do exist." 371 F.2d 678 and n. 13. Plaintiff emphasizes the statement that 42 U.S.C. § 1983 affords "a right of action for injuries suffered in consequence of a denial of such a hearing." Id. at 679. But Birnbaum was decided on a motion to dismiss, so that it reached no question relating to remedies. Furthermore, on the facts of this case, no injuries arose "in consequence of" the delay of the

hearing. There is no reason to believe that the amount of plaintiff's moving expenses was affected by the timing of the hearing. Plaintiff's brief in this Court suggests that because the hearing was not held promptly, he was forced to travel from Florida to Chicago to attend the hearing. This is plausibly a consequence of the delay. But none of the extensive pre-judgment affidavits, pleadings and memoranda on damages presented this theory to the district court. Accordingly, we need not decide whether these travel expenses are a proper element of damage.

■■ Finally, plaintiff asks for attorney's fees. Were any such fees to be granted, it would only be for the proceedings leading to Judge Austin's second opinion, ordering that a hearing be held. But we have been cited to no authority that would support such an award. Typical of one group of cases relied on by plaintiff is Rolfe v. County Board of Education, 391 F.2d 77 (6th Cir. 1968). In *Rolfe*, the plaintiff schoolteachers had been discriminatorily discharged, so that their reinstatement with back pay was ordered. Attorney's fees of $250 apiece were awarded because of the "long, continuing pattern of evasion and obstruction of the desegregation of schools in Lincoln County." 391 F.2d at 81. No comparable situation exists here. In any event, attorney's fees in such cases are within the "wide discretion" of the district court (Monroe v. Board of Commissioners, 453 F.2d 259, 263 (6th Cir. 1972)), and in the present case no abuse of discretion has been shown in the denial of attorney's fees. The remaining cases relied on by plaintiff were brought under Title II of the Civil Rights Act of 1964, and the award of attorney's fees was pursuant to specific statutory authorization. See § 204(b) of that statute (42 U.S.C. § 2000a–3(b)) and Miller v. Amusement Enterprises, Inc., 426 F.2d 534 (5th Cir. 1970).

Judgment affirmed.