BOARD OF SELECTMEN OF STERLING *vs.* THE GOVERNOR & others.

Worcester.   October 17, 1973. — October 9, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Governor.   Veteran.   Council.   Certiorari.   Words,* "Relief or support."

Award to a veteran by the Governor and Council of an amount sufficient to cover past due mortgage payments on the veteran's home, at least some of which fell due prior to the veteran's application for relief, was not contrary to the provision of G. L. c. 115, § 5, that "[n]o payment of benefits shall be made for any period . . . prior to the date of application," where the award was made in order to forestall the foreclosure of the mortgage deed. [600]

PETITION for writ of certiorari filed in the Superior Court on December 16, 1971.

The case was heard by *Meagher,* J.

*Edward J. Reynolds,* Special Assistant Attorney General, for the Governor & others.

*Thomas J. Donahue, Jr.,* for the Board of Selectmen of Sterling.

GOODMAN, J.   This petition for a writ of certiorari was brought by the board of selectmen of the town of Sterling (petitioner) against the Governor and the members of the Executive Council (respondents) to quash their decision

awarding "veterans' benefits" (G. L. c. 115, § 1) pursuant to G. L. c. 115, § 5, which provides for payments to a veteran of "such amount . . . as may be necessary to afford him sufficient relief or support."[1]   The award was made upon an appeal from a determination of the Commissioner of Veterans' Services (commissioner) under G. L. c. 115, § 2. The veteran had applied "for assistance with payments on the arrearage of his mortgage" and the commissioner directed a payment "to forestall the foreclosure of the mortgage deed to his home."[2]   The Su-

---

[1] G. L. c. 115, § 5, provides in pertinent part: "Only such amount shall be paid to or for any veteran or dependent as may be necessary to afford him sufficient relief or support and such benefits shall not be paid to any person who is able to support himself or who is in receipt of income from any source sufficient for his support. The applicant's receipt of income from any source in an amount insufficient for his support shall not bar him from receiving veterans' benefits to supplement the same, if determined necessary by the commissioner.   No payment of benefits shall be made for any period of time prior to the date of application; provided, however [with exceptions not here material] . . .."

[2] G. L. c. 115, § 2, provides in pertinent part: "A final appeal from such decision or determination may be taken by such claimant, veterans' agent or resident, within ten days after his receipt of notice of the same, to the governor and council."   From the letter of the commissioner, included in the return, it would appear that an appeal was taken by the veterans' agent.   Other documents in the return refer to "appeal[s]" by the "Town of Sterling" and by the claimant. However, the commissioner having received a subsequent request for assistance apparently referred it to the respondents and asked them to activate the original appeal which had been filed in time by the veterans' agent and which had lain dormant for some period.   We cannot say that this was not a proper basis for the respondents' decision on both requests.   The petitioner's contention that the commissioner made a second determination from which the claimant did not file a timely appeal (apparently raised for the first time in the brief before this court) must, therefore, fail.   In any event, it is not clear from the record when or whether the commissioner made a second appealable determination or when (if at all) the claimant was notified so as to start the ten-day appeal period running from a second determination.   No other question of standing is raised.

perior Court ordered that the decision of the respondents be quashed, and they appealed.[3] We reverse.

The respondents filed a return which consists primarily of a letter from the commissioner transmitting a "Report for Governor and Executive Council." The return does not purport to contain all the evidence or findings of fact on which the decision was based (contrast *Lawrence* v. *Commissioners of Pub. Works,* 319 Mass. 700, 702 [1946]; *Bunte* v. *Mayor of Boston,* 361 Mass. 71, 73 [1972]), and no attempt was made to extend that return. *Attorney Gen.* v. *Board of Pub. Welfare of Wilmington,* 328 Mass. 468, 471 (1952). *DiRado* v. *Civil Serv. Commn.* 352 Mass. 130, 132 (1967). See *Southwick Birds & Animals, Inc.* v. *County Commrs. of Worcester County,* 360 Mass. 133, 134, n. 1 (1971). Additional documents were supplied by the commissioner on order of the Superior Court pursuant to the petitioner's motion for "extension of the record," but they do not aid the petitioner for there is nothing to indicate that they were before the respondents. Such documents are therefore not before us; the only question for our determination on the record in this case is whether an error of law appears on the face of the return of the respondents. *Adamsky* v. *City Council of New Bedford,* 326 Mass. 706, 707 (1951). *Kidder* v. *City Council of Brockton,* 329 Mass. 288, 289 (1952). See *Bennett* v. *Aldermen of Chelsea,* 361 Mass. 802, 807 (1972).

The respondents' return shows nothing of substance other than that the respondents awarded the veteran an amount sufficient to cover past due monthly mortgage payments on his home, at least some of which fell due prior to his application for relief under G. L. c. 115. The

---

[3] The commissioner, who was made a party respondent (see *Wall* v. *Registrar of Motor Vehicles,* 329 Mass. 70, 72 [1952]; contrast St. 1963, c. 661, § 1, amending G. L. c. 249, § 4, and here inapplicable) has not appealed. In any event, his determination is not in issue. We construe the order of the Superior Court as referring only to the decision of the respondents.

petitioner contends that the payment of such amounts is, as a matter of law, contrary to the provision in G. L. c. 115, § 5, that "[n]o payment of benefits shall be made for any period . . . prior to the date of application" and, therefore, that the decision was properly quashed. We disagree. "[R]elief or support" in G. L. c. 115, § 5 (see fn. 1), is part of a "comprehensive aid program" (*Cambridge* v. *Commissioner of Pub. Welfare,* 357 Mass. 183, 188 [1970]) and is to be construed "in a liberal and beneficent spirit" (*Worcester* v. *Quinn,* 304 Mass. 276, 278 [1939]). See *Millis* v. *Frink,* 213 Mass. 350, 352-353 (1913); Sutherland, Statutory Construction (4th ed.), § 71.08. The phrase obviously includes at least "food, shelter, and necessities to a needy family." See *Cohasset* v. *Scituate,* 309 Mass. 402, 409 (1941).

The provision relied on by the petitioner does indeed eliminate from the needs which may be provided to a veteran relief from indebtedness for past shelter and confines the shelter which may be provided to current shelter. However, that does not limit the method by which current shelter may be furnished, and we cannot say as a matter of law that the payment of arrearages to prevent foreclosure on a home would be error. So to hold we would have to declare that under no circumstances could such payments be a reasonable way of providing current shelter to a veteran, in preference to furnishing him with new lodgings. This we are unable to say. See *Matter of Veit* v. *Barbaro,* 59 Misc. 2d (N. Y.) 117, 120-121 (1969). *Matter of LeGodais* v. *Barbaro,* 60 Misc. 2d (N. Y.) 988, 989-990 (1969). Since it is not apparent from the return just what the circumstances were, the petitioner has not made out a case on the face of the return that an error of law has been committed, and it therefore cannot prevail.

Our disposition of this case makes it unnecessary to deal further with the question, not raised by the respondents, whether and to what extent *Rice* v. *The Governor,* 207 Mass. 577 (1911) (holding that mandamus does not

lie against the Governor), has any application to this case. See *Sampson* v. *Treasurer & Receiver-General,* 282 Mass. 119, 121 (1933).

The petitioner has not raised any question as to whether the Council's role in granting veterans' benefits under G. L. c. 115, § 2, was terminated by St. 1964, c. 740, entitled "An Act repealing statutory powers of the governor's council which interfere with the efficient operation of the executive department of the commonwealth." See *Opinion of the Justices,* 360 Mass. 894, 901-902 (1971), in which the Justices stated that c. 740 excluded the Council from the power formerly lodged in the "Governor and Council" to take land by eminent domain but indicated that "[t]here may exist a distinction between action 'by the Governor and Council' acting as a single agency, and action by the Governor with the advice and consent of the Council . . . [t]he form of words used in the statute . . . not conclusively determin[ing] which type of action is contemplated."

Nor does the record indicate the "type of action" involved in this case, or the relationship of the Governor vis-à-vis the members of the Council in the decisional process. The burden was on the petitioner to show that of the possible "type[s] of action" (including that provided in St. 1964, c. 740, § 5) the Governor and Council chose one that was prejudicially irregular or deprived them of jurisdiction. See *Morrissey* v. *State Ballot Law Commn.* 312 Mass. 121, 125 (1942). Contrast *Commissioner of Corps. & Taxn.* v. *Chilton Club,* 318 Mass. 285, 287 (1945). This the petitioner did not attempt to do.

*Order for judgment reversed.*
*Petition dismissed.*