ROBERT B. SAMPSON *vs.* COMMITTEE ON PROBATION. December 3, 1979. The plaintiff, a District Court probation officer, was discharged by the presiding justice of the court in which he was employed, and approval of that discharge was requested of the defendant committee. G. L. c. 276, § 83. Following a two-day hearing, at which the plaintiff was represented by counsel, the defendant filed a written report of its findings and approval of the discharge. Written notice of that approval was given to the plaintiff by letter dated May 19, 1972. The present complaint seeking declaratory relief (G. L. c. 231A) challenging the defendant's action on various grounds was filed on June 24, 1975. The plaintiff was an employee and the defendant a part of the judicial department. *Massachusetts Probation Assn.* v. *Commissioner of Admn.,* 370 Mass. 651, 657 (1976). G. L. c. 276, § 99A, as amended through St. 1971, c. 802. The declaratory judgment procedure does not apply to the judicial department. G. L. c. 231A, § 2, as most recently amended by St. 1974, c. 630, § 1. Nor can we regard this as a proceeding under G. L. c. 30A, § 14, as such proceedings also do not apply to the judicial department. G. L. c. 30A, § 1(2), as amended through St. 1974, c. 835, § 50. The only appropriate remedy open to the plaintiff would have been a civil action in the nature of cer-

tiorari (see *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 758-759 [1976]), but any such action would have been barred because not "commenced within two years next after the proceeding complained of." G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289.

*Judgment affirmed.*

*Frank J. McGee (Kevin P. Phillips* with him) for the plaintiff.

*Terence P. O'Malley,* Assistant Attorney General, for the defendant.