508                                    460 Mass. 508 (2011)

Fathers and Families, Inc. *v.* Chief Justice for Administration and Management of the Trial Court.

FATHERS AND FAMILIES, INC.,[1] & others[2] *vs.* CHIEF JUSTICE
FOR ADMINISTRATION AND MANAGEMENT OF THE TRIAL
COURT & others.[3]

Suffolk. March 7, 2011. - September 1, 2011.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.

*Parent and Child,* Child support. *Practice, Civil,* Motion to dismiss, Declaratory
proceeding. *Statute,* Construction. *Chief Justice for Administration and
Management.*

A Superior Court judge properly dismissed a complaint brought against the
Chief Justice for Administration and Management of the Trial Court, in
which the plaintiffs sought a judgment declaring that the new child support
guidelines promulgated by the Chief Justice were unconstitutional, where
the plain language of the declaratory judgment statute, G. L. c. 231A,
prohibits any action for declaratory relief against the judicial department,
and where the plaintiffs had a future opportunity to challenge the new
guidelines as applied in their individual cases. [509-510]

CIVIL ACTION commenced in the Superior Court Department on
March 16, 2009.

A motion to dismiss was heard by *Paul E. Troy,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Gregory A. Hession* for the plaintiffs.

*Timothy J. Casey,* Assistant Attorney General, for the defend-
ants.

*Frances M. Giordano & Kelly A. Leighton,* for Boston Bar
Association, amicus curiae, submitted a brief.

*Patricia A. Levesh,* for Greater Boston Legal Services, Inc.,
amicus curiae, submitted a brief.

DUFFLY, J. This case involves a challenge to the constitutional-

---

[1]Fathers and Families, Inc., was a plaintiff before the Superior Court but is
not a party to this appeal.

[2]Paul Dionne, Richard DiPalma, Bobbie Feuerstein, Michael T. Fogg,
Shawn Gliklich, David Little, Steven Maynard, John Rice, Todd W. Sandahl,
David Satloff, and Robert Thompson.

[3]Justices of the Trial Court of Massachusetts.

ity of the new Massachusetts Child Support Guidelines (new guidelines), which became effective on January 1, 2009. The new guidelines were promulgated by the Chief Justice for Administration and Management (CJAM) and superseded a prior version of the child support guidelines. The plaintiffs are parents who claim that they will be subject to higher child support orders as a consequence of the new guidelines.[4] In their complaint, filed in the Superior Court, the plaintiffs sought "declaratory and injunctive relief against [the CJAM], and the Justices of the Trial Court of Massachusetts . . . to enjoin the mandatory use of [the new guidelines] until the defendants comply with the laws and Constitution of the United States and Massachusetts."

The plaintiffs also filed a motion seeking preliminary injunctive relief, which was denied. The defendants subsequently filed a motion to dismiss. After a hearing, a Superior Court judge allowed this motion on the ground that the complaint failed to state a claim on which relief can be granted. See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The plaintiffs appealed from the dismissal of their complaint.[5] We transferred the case to this court on our own motion. As we conclude that the declaratory judgment statute, G. L. c. 231A, prohibits any action for declaratory relief against the judicial department, we affirm the dismissal of the complaint.[6]

*Discussion.* Declaratory relief is governed by G. L. c. 231A. Section 1 of the statute provides that certain specified courts have the power to "make binding declarations of right, duty, status and other legal relations." G. L. c. 231A, § 1 (§ 1). Section 2, which addresses the controversies to which the procedure under § 1 may be applied, provides that "this section shall not apply to the governor and council or the legislative and judicial departments." G. L. c. 231A, § 2. The statute thus precludes the present action for declaratory judgment against the judicial

---

[4]As noted, Fathers and Families, Inc., did not join in this appeal. Any reference to "the plaintiffs" thus includes Fathers and Families, Inc., only in regard to proceedings prior to the appeal.

[5]By order of July 5, 2011, we sought the parties' views as to whether G. L. c. 231A, § 2, precludes this action.

[6]We acknowledge the amicus briefs of the Boston Bar Association and of Greater Boston Legal Services, Inc.

department.[7] See *Alliance, AFSCME/SEIU, AFL-CIO* v. *Secretary of Admin.*, 413 Mass. 377, 377 n.1 (1992) (concluding that declaratory relief not available against Governor pursuant to G. L. c. 231A, § 2); *Sampson* v. *Committee on Probation*, 8 Mass. App. Ct. 937, 937 (1974) (citing G. L. c. 231A, § 2, in support of conclusion that "[t]he declaratory judgment procedure does not apply to the judicial department").

Although the plaintiffs now concede that G. L. c. 231A, § 2, precludes a declaratory judgment action against the judicial department, they argue that we should nonetheless decide the present appeal on the ground that "some form of relief must be accorded to the [p]laintiffs" with respect to their constitutional claims against the judicial department. The plaintiffs will have an opportunity to raise their constitutional arguments when their cases are heard before the Probate and Family Court (or other trial court), and to pursue appellate remedies if they are dissatisfied with the outcomes of those cases. See, e.g., *Blixt* v. *Blixt*, 437 Mass. 649, 651-665 (2002), cert. denied, 537 U.S. 1189 (2003) (addressing constitutionality of G. L. c. 119, § 39D, in action that originated before the Probate and Family Court). They are not deprived of a remedy.

*Conclusion.* Because declaratory relief pursuant to G. L. c. 231A is barred by the plain language of the statute, and as the plaintiffs will have an opportunity to challenge the new guidelines as applied in their individual cases, we affirm the Superior Court judge's dismissal of the plaintiffs' complaint.

*Judgment affirmed.*

---

[7] In *Sullivan* v. *Chief Justice for Admin. and Mgt. of the Trial Court,* 448 Mass. 15, 27 (2006) (*Sullivan*), we allowed an action for declaratory judgment regarding the negligent management of court property to proceed against the CJAM. We held:

> "Although the plain language of G. L. c. 231A, § 2, suggests a prohibition on any action for declaratory relief against the CJAM, the history of the management of court facilities and the abrogation of sovereign immunity in the maintenance of public property suggests that such a blanket prohibition was not intended by the Legislature."

*Id.* at 24. The limited exception in *Sullivan* was grounded largely on historical factors specific to court maintenance in the Commonwealth and on related statutory waivers of sovereign immunity in the maintenance of public property. The holding in *Sullivan* does not support an exception in the present case.