SUPERIOR COURT 
 
 BOSTON POLICE COMMISSIONER DENNIS WIIITE, Plaintiff, vs. CITY OF BOSTON and ACTING MAYOR KIM JANEY, Defendants

 
 Docket:
 2184cv01138-D 
 
 
 Dates:
 May 25, 2021
 
 
 Present:
 Hon. Heidi E. Brieger Justice of the Superior Court 
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
 
 

             Plaintiff Boston Police Commissioner Dennis White (the "Commissioner") brings this action against the City of Boston ("Boston") and its Acting Mayor, Kim Janey (the "Acting Mayor") seeking a temporary restraining order and a preliminary injunction (the "Motion") enjoining the Acting Mayor fro'm removing him from, his position pursuant to the removal provision in Chapter 322, Section 7, of the Acts of 1962 (the "Removal Provision") until this Court holds an evidentiary hearing on whether there is cause to terminate him. The Removal Provision requires the Acting Mayor to give notice, convene a hearing, and provide cause for the Commissioner's removal. While the Commissioner suggests that the Acting Mayor has communicated her intent to replace him, there has been no removal as of this date because the filing of the Motion forestalled the requisite hearing and finding of cause.
            After a hearing on Zoom and careful review of the parties' multiple written submissions, and for the reasons set forth below, the Commission r's motion is DENIED.
 
                                                            -1-
 
BACKGROUND
            The following is based upon the pleadings, affidavits, and the parties' arguments made in support of and in opposition to the Motion.[1]
            A life-long public servant employed by the Boston Fire and Police Departments, the Commissioner was appointed to lead the Boston Police Department ("BPD") on February 1, 2021, by Marty Walsh, then Mayor of Boston. Days after assuming his new duties, information surfaced concerning past allegations of domestic violence. Mayor Walsh thereafter placed the Commissioner on administrative leave pending completion of an investigation of the allegations. The Commissioner has not since resumed his duties.
            Upon Mayor Walsh's departure to a new position in the federal government, the Acting Mayor took office and thereby assumed responsibility for - among other pressing issues - resolution ofBPD's leadership: A newly-completed investigative report into the Commissioner's alleged domestic violence, coupled with the Acting Mayor's negative assessment of the Commissioner's conduct during the investigation, led the Acting Mayor to conclude that she wanted to "move [the Boston Police Department] in a new direction," Commissioner Affidavit 137, earring that the Commissioner would be removed and another BPD official would be appointed to replace him.[2]
            According to the Commissioner, on May 14, 2021, the Acting Mayor called to inform him of her intention to remove him and to invite him to a "hearing" that would occur later that day. After this conversation, the Commissioner received a "Notice oflntent to Dismiss," dated
 
-------------------------------------
 
[1] The Motion has garnered attention from the press and the public, from current and former Boston Police Department officials, and from current and former elected officials. As noted by the Court at the hearing, the matter before the Court concerns a narrow legal question and does not encompass conflicting opinions relating to certain political questions that may have prompted this lawsuit.
 
[2]The information in this sentence and the paragraphs that follow are largely gleaned from ¶¶36-39 of the Commissioner's Affidavit, the exhibits attached thereto, and arguments in open court by the plaintiff's counsel; the Acting Mayor did not herself submit an affidavit suggesting her ,state of mind and intentions relating to the Commissioner's removal or the cause· for removal.
 
                                                            -2-
 
May 14, 2021, and a copy of the investigator's report, The notice described the conduct the Acting Mayor believed gave her "cause" to remove the Commissioner and referenced the hearing. The notice described the hearing as "an opportunity to provide me [the Acting Mayor] any information you want me t? consider before I make my final decision."
            Angered and displeased by the Acting Mayor'.s purported "rush to judgment," on May 14, 2021, the Commissioner filed the instant lawsuit and Motion asking this Court to temporarily restrain and permanently enjoin the Acting Mayor from removing him as Commissioner until the Court conducts an evidentiary hearing on whether cause exists to terminate him. The Commissioner did not attend the hearing, nor did the Acting Mayor announce his removal on May 14, 2021. The investigator's report was released to the public at some point that day and has since garnered press attention.
DISCUSSION
            "A preliminary injunction is an extraordinary 'remedy never awarded as of right," Winter v. Natural Res. Def Council, Inc., 555 U.S. 7, 24 (2008), and "should not be granted unless the plaintiff[] ha[s] made a clear showing of entitlement thereto." Student No. 9 v. Board of Educ., 440 Mass. 752, 762 (2004). This Court has broad discretion to grant or deny injunctive relief. Lightlab Imaging, Inc. v. Axsun Technologies, Inc., 469 Mass. 181, 194 (2014).
            To prevail on his motion, the Commissioner must make the familiar tripartite showing: "(1) a likelihood of success on the merits [of his claims]; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the [Commissioner's] likelihood of success on the merits, the risk of irreparable harm to the [Commissioner] outweighs the potential harm to the defendant[s] in granting the injunction." Tri-Nel Mgmt., Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001), citing Packaging Indus. Group, Inc. v. Cheney, 380
 
                                                            -3-
 
Mass. 609, 617 (1980). Because the Commissioner seeks injunctive relief against a governmental body, he must also show that the issuance of an injunction would not adversely affect the public interest.[3] Id.
            Applying this standard, the Court concludes that the Commissioner is not entitled to an injunction because he is unlikely to succeed on the merits and has failed to show irreparable harm.
A. Likelihood of Success on the Merits
            In this action, the Commissioner claims that he is entitled under both the Removal Provision and the United States Constitution to an evidentiary hearing before this Court (including the opportunity to examine and cross-examine witnesses) having the dual purpose of permitting him to clear his name publicly and eliciting a judicial determination of whether the Acting Mayor can establish due cause to remove him:[4] The Acting Mayor, on the other hand, asserts that she is statutorily and constitutionally authorized to remove the Commissioner for cause so long as she gives him an opportunity to be heard, that is, an opportunity to refute her stated reasons for removing him. The Court agrees with the Acting Mayor.
            The Removal Provision provides that the Boston police commissioner "may, after notice and hearing, be removed by the mayor of [Boston] for cause." Acts of 1962, c. 322, § 7. The plain language of the provision'clearly provides that the fact-finder-or "cause-finder" in this case - is the Acting Mayor, not this Court. Moreovet, nothing in Chapter 322 of the Acts of 1962 requires that the "hearing;, be evidentiary or triitl-like. Had the Legislature desired a tribunal be convened in advanc;e of the removal of the police commissioner, it could easily have
 
-------------------------------------
 
            [3]The Court need not address this because the Motion fails for other reasons.
 
[4] Although the Amended Complaint suggests that the Acting Mayor has not provided the Commissioner with the notice required by the Removal Provision, he no longer appears,to press this claim. Indeed, given the fulsome nature of the briefmg and hearing in this matter, it would be difficult to argue that point. .
 
                                                            -4-
 
so provided. See Commissioner of Corr. v. Superior Court Dept. of the Trial Court, 446 Mass. 123, 126 (2006) ("We do not read into the statute a provision which the Legislature did not see fit to put there, nor add words that the Legislature had an option to, but chose not to include."). The Court declines the Commi sioner' s invitation to graft onto the statute a requirement that the Acting Mayor hold - or participate in - such a proceciding. Accordingly, the Court concludes the Removal Provision does not provide a basis for an evidentiary hearing before this Court.
            The Court reaches the same conclusion to the extent the Commissioner argues that he is entitled to such a proceeding pursuant to the Due Process Clause of the Fourteenth Amendment. The Commissioner first argues:that he is entitled to a pretermination evidentiary hearing because he has a property interest in his' position. The Court agrees with the Commissioner that he has a property interest and is therefore entitled to some due process prior to his termination. See Wojcikv. Massachusetts State Lottery Comm'n, 300 FJd 92, 102 (1st Cir. 2002) (observing that an employee who can be removed only for cause ordinarily has a constitutionally protected property interest in his continued employment); Higgins v. Town of Concord, 246 F. Supp. 3d 502, 514 (D. Mass. 2017) ("Where a law requires cause for removal, an employee acquires a property interest in continued employment."); Fontana v. Comm'r of Metro. Dist. Comm'n, 34 Mass. App. Ct. 63, 69 (1993) ("due process requires a pretermination hearing when a person having a property interest in his employment is terminated") (emphasis in original). However, the pretermination process to which he is entitled is quite minimal. O 'Neill v. Baker, 210 F.3d 41, 47-50 (1st Cir. 2000), citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532,542, 545-546 (1985). See also Gilbert v: Hamar, 520 U.S. 924,929 (1997) ("[P]retermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story."); Wojcik, 300 F.3d at
 
                                                            -5-
 
102 (1st Cir. 2002) (employee provided with constitutionally adequate procedural safeguards where he was given an opportunity to respond to the allegations of misconduct prior to his
termination, i.e., given the chance to explain his actions); Monahan v. Romney, No. 06CV10921- NG, 2009 WL 10694327, at *10 (D. Mass. Sept. 3, 2009), aff’d on other grounds, 625 F.3d 42 (1st Cir. 2010) (plaintiffs conversation with governor and his staff prior to his removal provided sufficient pre-deprivation process). None of the authority the Commissioner cites indicates he is entitled to anything approaching a trial.
            The Commissioner also argues that he is entitled to a trial-like hearing before this Court because his liberty interest has been violated by the publication of the investigator's report, which he claims besmirches his reputation. See Fontana, 34 Mass. App. Ct. at 67 ("A liberty interest arises where ... a public employee is discharged because of stigmatizing charges alleged by the employee to be false and which are disseminated to the public or are likely to be communicated to prospective employers."); Wojcik, 300 F.3d at 103 ("[W]here a public-sector employer creates and disseminates a false and defamatory impression about an employee in connection with the employee's discharge ... , the constitution's due process protections require the employer to provide the employee with an opportunity to dispute the defamatory allegations."). The law is not entirely clear as to when such a hearing must take place[5] - but it appears clear that whenever it does take place, it is before the relevant appointing authority, not 
 
-------------------------------------
 
[5] In Fontana, a case relied upon by the Commissioner, the Appeals Court observed that "the question remains unanswered whether [an employee claiming violation of his liberty interest] is entitled to a predeprivation hearing, that is, 'a name-clearing hearing before any publication of defamatory statements in his personnel file or only afterward."' 34 Mass. App. Ct. at 69, quoting Smith v. Commissioner of Mental Retardation, 409 Mass. 545,551 (1991) (emphasis in original). However, at the same time, it observed that there existed case law indicating that "a postdismissal name-clearing hearing sufficiently complies with due process requirements." Id., citing Arnett v. Kennedy, 416 U.S. 134, 157 (1974) and Stetson v. Bd. of Selectmen of Carlisle, 369 Mass. 755, 764 n.14 (1976). See also Stetson, 369 Mass. at 764 n.14 ("The purpose of such a hearing is to provide the former employee  an opportunity to clear his name, and a post-dismissal hearing is sufficient.") (emphasis added). Authority from other jurisdictions indicates that a post-termination, post-publication name-clearing hearing is sufficient to satisfy due process. See, e.g., Campbell v. Pierce Cty., 741 F.2d 1342, 1345 (11th Cir. 1984) ("Because it is provided simply to cleanse the reputation of the claimant, the hearing need not take place prior to his termination or to the publication of related information adverse to his interests.").
 
                                                            -6-
 
the Superior Court. See Limerick v. Greenwald, 666 F.2d 733, 735 (1st Cir. 1981) ("To be meaningful, the name-clearing proceeding must be run by the same actor who diminished the plaintiffs' reputations."); Stetson, 369 Mass. at 764 (indicating board of selectman was responsible for conducting the name-clearing hearing); Fontana, 34 Mass. App. Ct. at 71.
            In light of the sparse but unambiguous language of the Removal Provision, and the limited pretermination due process to which he is constitutionally entitled, it is unlikely that the Commissioner will prevail on the merits of his claim that he is entitled to a pre-removal evidentiary hearing before this Court.
B. Irreparable Harm
            "In the context of a preliminary injunction the only rights which may be irreparably lost are those not capable of vindication by a final judgment, rendered either at law or in equity." Cheney, 380 Mass. at 617 n.11 According to the Commissioner, in the absence of a pre- removal evidentiary hearing, his reputation and ability to work in his profession will be irreparably harmed. The Acting Mayor on the other hand contends there is no irreparable harm because the Commissioner's claim is essentially one for continued employment, the unlawful deprivation of which can be remedied with money damages. The Court agrees. If the Commissioner's removal is upon review found to be defective in some fashion, for example, if there was no meaningful hearing or there was insufficient cause, he can be compensated with money damages for any lost earnings.
 
                                                            -7-
 
ORDER
            For the foregoing reasons, the Commissioner's Motion for a Temporary Restraining Order and a Preliminary Injunction is DENIED.
Dated at Boston, Massachusetts, this 25 day of May, 2021.
 
/s/Hon. Heidi E. Brieger Justice of the Superior Court 
 
May 25, 2021
 
                                                            -8-